**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONNIE HACKNEY | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv126 |
| BRYAN COLLIER | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Donnie Hackney, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit against several defendants. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of the court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the case be dismissed for failure to state a claim upon which relief be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff complains that certain items of his property were missing after a search of his cell. He states that the officers conducting the search should have inventoried and secured his property. The Magistrate Judge concluded that as Texas state law provides an adequate remedy for deprivation of property, the loss of plaintiff's property did not constitute a violation of his constitutional rights.

In his objections, plaintiff does not take issue with the Magistrate Judge's analysis. Instead, he states that he has filed an amended complaint. In the amended complaint, he states that the moving force behind the alleged violation of his constitutional rights was an official prison policy. In his amended complaint, he also asserts a state law cause of action for theft based on a violation

**NOT FOR PRINTED PUBLICATION**

of Article 134 of the Texas Civil Practice and Remedies Code.

The deprivation of property can violate the Constitution if the deprivation was the result of established state procedure rather than random and unauthorized action. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). However, plaintiff's amended complaint does not state the officers who searched his cell acted in accordance with an official policy. Instead, the amended complaint alleges these officers violated official policy. He alleges the defendants violated Administrative Directive 03.72 when they refused to inventory and secure his property or document the taking of his property. As the officers were acting in violation of policy rather than in accordance with it, plaintiff's allegations do not establish a constitutional violation.

The court is dismissing plaintiff's federal law claims. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claim asserted in his amended complaint. 28 U.S.C. § 1367(c)(3).

## ORDER

For the reasons set forth above, plaintiff s objections are without merit and are therefore **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment shall be entered dismissing this lawsuit in accordance with the recommendation of the Magistrate Judge.

So **ORDERED** and **SIGNED** January 4, 2021

Ron Clark
Senior Judge